J-S08044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: B.N., Minor Child | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.L., Legal Custodian | : | No. 1352 WDA 2015 |

Appeal from the Order entered August 21, 2015
in the Court of Common Pleas of Washington County,
Domestic Relations Division, No(s): DP 131-15

BEFORE: STABILE, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 19, 2016**

J.L. ("Custodian")[1] appeals from the Order of Adjudication of Dependency and Disposition of minor male child, B.N. ("Child"), born in October 2007, pursuant to 42 Pa.C.S.A. § 6302. We affirm.

In its Opinion, the trial court aptly summarized the factual and procedural history of this case, which we adopt for the purpose of this appeal. *See* Trial Court Opinion, 9/30/15, at 1-3.

Relevantly, in July 2015, the Washington County Children and Youth Services Agency ("CYS") filed a Petition for Adjudication of Dependency after receiving two separate referrals regarding Child's safety. On August 13, 2015, Juvenile Hearing Officer John Richards ("Master Richards") conducted a hearing. Master Richards recommended that Child be adjudicated

---

[1] Custodian is Child's legal custodian pursuant to a Custody Order entered in Westmoreland County. Although Custodian is not Child's biological father, he has been taking care of Child for most of Child's life.

dependent, removed from M.L.N.'s ("Mother") home and placed in foster care. Master Richards found that Mother's home was unsafe due to her continued drug use, and that Custodian was not a ready, willing, and able parent for Child. The trial court adopted Richards's recommendation, and entered an Order of Adjudication of Dependency and Disposition on August 21, 2015. Custodian filed a timely Notice of Appeal and a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

> On appeal, Custodian raises the following questions for review:
>
> I. Whether the trial court committed an abuse of discretion and erred as a matter of law by improperly adjudicating [Child] dependent pursuant to 42 Pa.C.S.[A.] § 6302[,] stating that [Child] was currently without proper parental care, control, and subsistence[?]
>
> II. Whether the trial court committed an abuse of discretion and erred as a matter of law by improperly adjudicating [Child] dependent pursuant to 42 Pa.C.S.[A.] § 6302[,] when the court utilized the "best interest of the child factors" as a basis for a finding of dependency[?]
>
> III. Whether the trial court improperly removed [Child] from [Custodian's] care when the evidence does not support a finding of clear necessity[?]

Custodian's Brief at 6.

Because Custodian's first two claims relate to the trial court's application of the law regarding the adjudication of dependency, we will address them together. In his first claim, Custodian argues that CYS did not satisfy its burden of proving that he is not ready, willing and able to provide adequate care for Child. Custodian's Brief at 11, 13. Custodian claims that

he now has a new home, and that CYS refused to inspect the residence to determine whether it was suitable for Child. *Id.* at 13-14. Custodian also asserts that Child's reluctance to return home is based solely on the economic advantages of the foster care placement, but that Child has not indicated that that he feels unsafe with Custodian. *Id.* at 15. In his second claim, Custodian argues that the trial court improperly based its dependency adjudication on a best interest of the child standard. *Id.* at 16-18.

> We apply the following standard of review in dependency cases:
>
> We must accept the facts as found by the trial court unless they are not supported by the record. Although bound by the facts, we are not bound by the trial court's inferences, deductions, and conclusions therefrom; we must exercise our independent judgment in reviewing the court's determination, as opposed to its findings of fact, and must order whatever right and justice dictate. We review for abuse of discretion. Our scope of review, accordingly, is of the broadest possible nature. It is this Court's responsibility to ensure that the record represents a comprehensive inquiry and that the hearing judge has applied the appropriate legal principles to that record. Nevertheless, we accord great weight to the [trial] court's fact-finding function because the [trial] court is in the best position to observe and rule on the credibility of the parties and witnesses.

*In re C.M.T.*, 861 A.2d 348, 351 (Pa. Super. 2004). "Additionally the master's report and recommendation, although only advisory, are to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." *In re W.M.*, 41 A.3d 618, 622-23 (Pa. Super. 2012).

The trial court set forth the relevant law regarding an adjudication of dependency, and determined that Child is presently without parental care and control, and that such care is not immediately available.[2]  **See** Trial Court Opinion, 9/30/15, at 4-10.  Upon our review, we conclude that there is adequate support in the record for the trial court's decision to adjudicate Child dependent, and we adopt the trial court's Opinion for the purpose of this appeal.  **See id.**

In his third claim, Custodian contends that the trial court improperly removed Child from his care, as removal was not clearly necessary for Child's well-being.  Custodian's Brief at 18.  Custodian argues that there was no evidence presented that his new home would present a risk to Child's safety, health, or welfare.  **Id.** at 19.  Custodian claims that CYS did not inspect his new home to determine whether it would be satisfactory.  **Id.**  Additionally, Custodian asserts that the trial court failed to determine whether there were any available alternatives to prevent Child's removal from the home.  **Id.**

"[A]fter a child has been adjudicated dependent, [] a court may not separate a child from his [] parent unless it finds that the separation is clearly necessary.  Such necessity is implicated where the welfare of the child demands that he be taken from his parents' custody."  **In re G., T.**,

---

[2] With regard to Custodian's claim that the trial court applied the incorrect standard, we note that the trial court never refers to Child's "best interests" in its analysis of the dependency adjudication.

- 4 -

845 A.2d 870, 873 (Pa. Super. 2004). Additionally, a lack of preventive services may be reasonable in circumstances requiring emergency placement. *See* 42 Pa.S.C.A. § 6351(b)(3) (stating that prior to entering a disposition order, the trial court must enter findings "if preventive services were not offered due to the necessity for an emergency placement, whether such lack of services was reasonable under the circumstances[.]").

Here, the trial court adopted Master Richards's determination that Custodian (1) was not able to provide a safe or stable environment for Child; and (2) did not understand the Custody Order requiring him to supervise all visits between Child and Mother. *See* Trial Court Opinion, 9/30/15, at 11. The trial court also found that Custodian showed a disregard for Child's safety by returning Child to Mother when Custodian became homeless rather than contacting CYS. *See id.* The trial court's findings are supported by the record. Thus, the health, safety, and welfare of Child demanded a separation from Custodian, and Custodian's final claim is without merit. *See*

***id.***; ***see also In re G., T.***, 845 A.2d at 873.[3]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016

---

[3] Here, after receiving a referral regarding Custodian's eviction and homelessness, CYS requested emergency shelter care for Child. The trial court granted CYS's request and allowed Child to be placed in foster care. Master Richards conducted the shelter hearing on July 23, 2015, and granted CYS's Petition. ***See*** Trial Court Opinion, 9/30/15, at 2; ***see also*** Master's Recommendation, 8/13/15, at 2. At that time, Custodian was not able to suggest alternative, suitable caretakers for Child. ***See*** Trial Court Opinion, 9/30/15, at 2. Further, at the time of the dependency hearing on August 13, 2015, Custodian stated that he had only been living in the new residence for one week. ***See*** N.T., 8/13/15, at 45-46. Thus, at the time Child was removed from Mother's residence and the Emergency Shelter Order was granted, Custodian was still homeless and unable to provide Child with a stable living environment. Moreover, contrary to Custodian's argument, and as noted above, the trial court found clear necessity to place Child in foster care based on Custodian's actions of returning Child to Mother.